```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**DONALD ROBINETTE,**

    **Plaintiff,**

v().                                 Civil Action No. 2:19-cv-00688

**ZURICH AMERICAN INSURANCE COMPANY,**

    **Defendant.**

## ORDER

Pending are plaintiff Donald Robinette's motion to amend the complaint and amended motion to amend the complaint, filed April 2, 2021. ECF No. 131; ECF No. 135.

Robinette asserts in the amended motion that "[s]ince the filing of the original complaint[,] discovery in this matter has been conducted that has revealed other causes of action" and factual matters warranting amendment of the complaint. ECF No. 135, at 1. Robinette proposes to amend the complaint to add a spoliation count inasmuch as it became evident during discovery that defendant Zurich American Insurance Company did not preserve the truck he was driving at the time of the accident underlying this action. Id. at 1-2; ECF No. 135-1, at ¶¶ 36-45. He also proposes to add factual allegations concerning Zurich's failure to comply with its best practices inasmuch as the

Federal Rule of Civil Procedure 30(b)(6) deposition of Zurich's representative, which occurred on August 11, 2020 (ECF No. 64), revealed that Zurich did not comply with its best practices while investigating his underinsured motorist coverage claim. ECF No. 135, at 2; ECF No. 135-1, at ¶¶ 24, 34.  In addition, he states that Zurich's production of the redacted claim file for his underinsured motorist coverage claim during discovery indicated that Kentucky law rather than West Virginia law would apply, and he proposes amendment to explicitly assert a statutory Kentucky bad faith claim.  ECF No. 135, at 2; ECF No. 135-1, at ¶ 33.  He also contends that "the redacted claim file further shows that Defendant Zurich confirmed UIM coverage on October 23, 2017, but still denied the claim without any explanation," and he proposes to add factual allegations relating to this information.  ECF No. 135, at 2; ECF No. 135-1, at ¶ 20.  The proposed amended complaint further adds a breach of contract claim.  ECF No. 135-1, at ¶¶ 29-35.  Finally, he asserts that inasmuch as he has settled with defendant State Farm Mutual Automobile Insurance Company, the complaint should

be amended to remove the claims asserted against that defendant.[1] Id. at 2-3.

Zurich filed a response on April 13, 2021. ECF No. 142. Zurich offers several arguments against amendment, including that the plaintiff has been dilatory in seeking amendment, the delay in seeking amendment would prejudice the defendant, and amendment to allow the spoliation and breach of contract claims would be futile. Id. at 6-15.

The original November 5, 2019 scheduling order in this action set a December 2, 2019 deadline for the plaintiff to amend his complaint and a May 22, 2020 close of discovery date. ECF No. 11. That scheduling order was amended by order dated April 30, 2020, which set a July 21, 2020 close of discovery date but did not alter the prior deadline for amending the complaint. ECF No. 36. After Zurich moved for summary judgment on August 10, 2020 (ECF No. 67), Robinette filed a motion to reopen discovery on August 24, 2020, which the court granted in a limited capacity on October 22, 2020, inasmuch as it was evident that Zurich failed to produce entries from the claim file relating to its handling of his underinsured motorist

---

[1] The amended motion to amend the complaint (ECF No. 135) only differs from the original motion to amend the complaint (ECF No. 131) insofar as it removes the claims asserted against State Farm.

coverage claim. ECF No. 101. In doing so, the court set a new December 28, 2020 close of discovery date, January 19, 2021 dispositive motions deadline, and May 4, 2021 trial date. Id. at 11. Zurich subsequently filed a renewed motion for summary judgment on January 19, 2021. ECF No. 111.

The deadline for the plaintiff to amend the complaint has long passed. "The district courts have applied a two-step analysis for use when a motion to amend the pleadings is made after the deadline set in the scheduling order has passed: (1) the moving party must satisfy the good cause standard of Rule 16(b), and (2) if the movant satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." 3 Moore's Federal Practice – Civil § 16.13 (2021); see also Hawkins v. Leggett, 955 F. Supp. 2d 474, 497-99 (D. Md. 2013) (stating and applying two-part test). "This analysis has emerged because litigants seeking to amend their pleadings outside the court's deadlines for doing so must effectively modify the scheduling order under Rule 16 as well." Matheny v. L.E. Myers Co., No. 2:16-cv-09304, 2018 WL 1095584, at *2 (S.D. W. Va. Feb. 26, 2018). Thus, "[a]lthough leave to amend a complaint should be 'freely give[n] ... when justice so requires,' Fed. R. Civ. P. 15(a)(2), 'after the deadlines provided by a scheduling order have passed, the good cause

4

standard [of Fed. R. Civ. P. 16] must be satisfied to justify leave to amend the pleadings." RFT Mgmt. Co., LLC v. Powell, 607 F. App'x 238, 242 (4th Cir. 2015) (first alteration added) (quoting Nourison Rug Co. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008))); see also Montgomery v. Anne Arundel Cnty., 182 F. App'x 156, 162 (4th Cir. 2006) (affirming denial of amendment based on Rule 16 standard where scheduling order deadline had passed).

"Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." Montgomery, 182 F. App'x at 162; see also Hawkins, 955 F. Supp. 2d at 498 ("The movant satisfies the good cause requirement by showing that, despite diligence, the proposed claims could not have been reasonably brought in a timely manner.")

Here, it is clear that the plaintiff has not satisfied Rule 16(b)'s good cause standard. With the exception of the proposed amendment removing the claims alleged against State Farm, which is not material, all of the plaintiff's proposed amendments pertain to issues allegedly uncovered during discovery. Some of such issues, such as those surrounding the proposed spoliation and breach of contract claims, the

5

information obtained from the August 11, 2020 Rule 30(b)(6) deposition, and the fact that Kentucky law applies, should have been apparent prior to the reopening of discovery on October 22, 2020. But, at the very least, they should have all been apparent by the December 28, 2020 close of discovery date set when the court reopened discovery. And Robinette does not contend that any of his new allegations relate to information obtained since December 28, 2020.

Discovery closed on December 28, 2020, the defendant filed a renewed motion for summary judgment on January 19, 2021, and trial is now set for May 4, 2021. Robinette has not offered any justification for his delay and attempts to amend the complaint by his motion filed one month before trial after a renewed motion for summary judgment has been filed. In view of this delay and the fact that such amendment would necessarily require the court to once again reopen discovery in relation to the proposed new claims, the court does not find good cause to grant leave to amend.

Accordingly, it is ORDERED that Robinette's motion to amend the complaint (ECF No. 131) and amended motion to amend the complaint (ECF No. 135) be, and they hereby are, DENIED.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: April 15, 2021

_____
John T. Copenhaver, Jr.
Senior United States District Judge